UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------
JOSE BUEZO FLORES,

                Plaintiff,                      **MEMORANDUM & ORDER**
                                                                           23-CV-4261 (MKB)

                v.

MARIO'S PIZZERIA OF OYSTER BAY and
ISIDOROS SPANOS,

                Defendants.
---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      Plaintiff Jose Buezo Flores commenced the above-captioned action on June 9, 2023, against Defendants Mario's Pizzeria of Oyster Bay ("Mario's Pizzeria") and Isidoros Spanos, alleging that Defendants willfully violated the prevailing overtime wages provision of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and the prevailing wages, overtime wages, wage notice, and wage statement provisions of the New York Labor Law §§ 190 *et seq.* ("NYLL"). (Compl., Docket Entry No. 1.) Currently before the Court is Defendants' motion to dismiss the Complaint for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure, for insufficient service of process under Rule 12(b)(5), and for lack of subject matter jurisdiction under Rule 12(b)(1).[1] Plaintiff failed to oppose Defendants' motion by the Court's deadline of February 2, 2024, and has still not appeared to defend this action. (*See* Scheduling Order dated Jan. 5, 2024.)

---

[1] (Defs.' Mot. to Dismiss ("Defs.' Mot."), Docket Entry No. 29; Defs.' Mem. in Supp. of Defs.' Mot. ("Defs.' Mem."), Docket Entry No. 33.)

For the reasons set forth below, the Court grants Defendants' motion and dismisses the action without prejudice for failure to prosecute.[2]

## I.   Background

Plaintiff filed his Complaint on June 9, 2023.  (Compl.)  Defendants first responded to Plaintiff's Complaint with a timely filed consent motion for extension of time to file a response, seeking "to investigate the facts and circumstances of the Plaintiff's Complaint."  (Consent Mot. for Extension of Time to File, Docket Entry No. 9.)  On August 29, 2023, over two months after the Complaint was filed, Plaintiff's counsel moved to withdraw from the case.  (*See* Mot. to Withdraw as Att'y ("Att'y's Mot."), Docket Entry No. 12.)  Plaintiff's counsel explained that he and his paralegal had been attempting to contact Plaintiff "multiple times per week between November 11, 2022, and August 24, 2023," but that "[a]t all times, the phone number ha[d] been disconnected."  (*Id.* ¶ 2.)  Counsel "also attempted to contact Plaintiff through USPS mailing" as recently as August 10, 2023, but "Plaintiff ha[d] not responded to any of the aforementioned communications."  (*Id.* ¶¶ 3–4.)  On September 21, 2023, Magistrate Judge Arlene R. Lindsay granted counsel's motion, granted Plaintiff thirty days to obtain new counsel, and advised Plaintiff that "a failure to obtain new counsel on or before October 25, 2023 may result in a Report and Recommendation to the District Judge that his claim be dismissed for failure to

---

[2]  The Court need not address the other grounds for dismissal raised in Defendants' motion, given that the Court dismisses the action in its entirety for failure to prosecute.  *See Kelly v. Kelly*, No. 21-CV-175, 2022 WL 833326, at *1 n.1 (N.D.N.Y. Mar. 21, 2022) (concluding that although defendants "all raise[d] additional grounds for dismissal," "the court [did not need to] address these additional grounds" once it dismissed the complaint "as untimely and for failing to comply with Rule 8"); *Jones v. Sposato*, No. 16-CV-5121, 2017 WL 4023135, at *6 n.4 (E.D.N.Y. Aug. 22, 2017) (declining to "address the other grounds for dismissal set forth in defendants' motion" because one proffered basis was "dispositive of this action" (citation omitted)), *report and recommendation adopted*, 2017 WL 4023345 (E.D.N.Y. Sept. 11, 2017); *Morales v. N.Y.C. Dep't of Corr.*, No. 10-CV-1615, 2011 WL 6706107, at *1 (E.D.N.Y. Dec. 21, 2011) (declining to consider dismissal under Rule 4(m) for untimely service because action was dismissed pursuant to Rule 41(b) for failure to prosecute).

prosecute." (Order dated September 21, 2023 ("Sept. 2023 Order") at 3–4, Docket Entry No. 13.) Plaintiff failed to obtain new counsel or otherwise respond by October 25, 2023.

## I. Discussion

### a. Standard of review

"Rule 41(b) of the Federal Rules of Civil Procedure authorizes the district court to dismiss an action '[i]f the plaintiff fails to prosecute or to comply with [the] rules or a court order.'" *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (alterations in original); *see also United States ex rel. Weiner v. Siemens AG*, 87 F.4th 157, 163 (2d Cir. 2023) ("Under Rule 41(b), a district court, in its discretion, may dismiss an action for a plaintiff's want of prosecution." (citing *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993))). Dismissal pursuant to Rule 41(b) is, however, a "harsh remedy" to be "reserved for 'extreme situations.'" *Id.* (quoting *Minnette*, 997 F.2d at 1027); *Heendeniya v. St. Joseph's Hosp. Health Ctr.*, 830 F. App'x 354, 357 (2d Cir. 2020) (observing that because "dismissal under Rule 41(b) is 'the harshest of sanctions,'" it "is properly 'used only in extreme situations'" (quoting *Baptiste*, 768 F.3d at 217)). When district courts assess whether dismissal under Rule 41(b) is appropriate, they must consider the "*Baptiste* factors," namely whether

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*Mayanduenas v. Bigelow*, 849 F. App'x 308, 310–11 (2d Cir. 2021) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)); *see also Kaplan v. Hezbollah*, 844 F. App'x 459, 460 (2d Cir. 2021) (quoting *Baptiste*, 768 F.3d at 216) (considering the same five factors). Courts must "evaluate the record in its entirety because '[n]o one factor is dispositive.'" *Weiner*, 87 F.4th at

3

164 (alteration in original) (quoting *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)). "When imposed, the sanction of dismissal 'operates as an adjudication upon the merits,' but may be without prejudice if so specified by the court imposing it." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982) (quoting Fed. R. Civ. P. 41(b)).

### b. The Court dismisses Plaintiff's Complaint for failure to prosecute

Defendants argue that "all five [*Baptiste*] factors weigh in favor of a dismissal with prejudice for a failure to prosecute." (Defs.' Mem. 2.) In support, they first point to Plaintiff's counsel's withdrawal from the case following "Plaintiff's failure to cooperate or communicate with his attorney." (*Id.* at 3.) Defendants also note that when granting withdrawal, Judge Lindsay, "in bold typeface, gave Plaintiff [thirty] days to obtain new counsel" and warned him that failure to do so may result in dismissal for failure to prosecute. (*Id.*) Defendants argue that by "fail[ing] to comply with the Court's order . . . and by choosing to remain silent" despite "numerous opportunities to be heard and assist his now-former attorney," Plaintiff "has indicated that he has no interest in pursuing the Complaint." (*Id.*) Defendants contend that these facts satisfy the first, second, and fourth *Baptiste* factors. (*Id.*) Next, Defendants argue that the third factor is satisfied by fees they paid "to retain counsel and prepare to respond to the Complaint," and by the "unnecessary stress and confusion" caused by Plaintiff's allegedly improper service. (*Id.* at 3–4.) Finally, Defendants argue that the fifth factor weighs in favor of dismissal because Plaintiff has failed to comply with the Court's deadlines, "continues to remain silent," and "is unreachable." (*Id.* at 4.) Defendants assert that "[c]ourts facing similar facts have 'consistently found that dismissal is the only adequate remedy for failure to prosecute where a plaintiff cannot be contacted, because the plaintiff would be unaware of any lesser sanction that could be imposed.'" (*Id.* (quoting *Rubin v. Abbot Lab'ys*, 319 F.R.D. 118, 122 (S.D.N.Y. 2016)).)

All five *Baptiste* factors weigh in favor of dismissal without prejudice.  First, the Court

finds that the duration of Plaintiff's failure to comply with Court orders or to appear in this case weighs in favor of dismissal. Although Plaintiff filed the Complaint on June 9, 2023, Plaintiff's counsel stated that Plaintiff had not participated in his case since November 11, 2022, almost seven months prior to the filing of the Complaint. (Att'y's Mot. ¶ 2; Decl. of Daniel Schlade ¶ 1, annexed to Att'y's Mot., Docket Entry No. 12-1.) Plaintiff has also repeatedly failed to comply with the Court's filing deadlines, (*see* Sept. 2023 Order 3–4; Scheduling Order dated Dec. 21, 2023 (directing Plaintiff to file his opposition to Defendants' motion on or before January 26, 2024)), and he has failed to respond to Defendants' attempts to communicate, (Defs.' Mot. for Extension of Time to File 1, Docket Entry No. 17 (noting that Plaintiff "failed to communicate with . . . the undersigned"); Defs.' Mot. for Extension of Time to File 1, Docket Entry No. 21 ("The undersigned could not confer with Plaintiff regarding this briefing schedule because Plaintiff has been unreachable since November 11, 2022."); Defs.' Mot. for Extension of Time to File, Docket Entry No. 24 (explaining that "Plaintiff's consent for this extension could not be requested" because "he is *pro se* and has not appeared before the Court"); Defs.' Mot. for Extension of Time to File, Docket Entry No. 27 (same)). Delay of such significant duration therefore weighs in favor of dismissal. *See Ruzsa v. Rubenstein & Sendy Att'ys at Law*, 520 F.3d 176, 177 (2d Cir. 2008) (per curiam) (finding that the "plaintiff caused a 'delay of significant duration' in this litigation, as the proceedings ground to a halt for over seven months as a result of his inaction"); *Rosado v. Toulen*, No. 18-CV-3697, 2021 WL 2323212, at *2 (E.D.N.Y. Apr. 26, 2021) (recommending dismissal where the plaintiff appeared for one status conference but "fail[ed] to otherwise prosecute [the] case for well over [fourteen] months"), *report and recommendation adopted*, 2021 WL 2010238 (E.D.N.Y. May 20, 2021); *Loc. Union No. 40 of the Int'l Ass'n of Bridge, Structural & Ornamental Iron Workers v. Car-Win Constr. Inc.*, 88 F. Supp. 3d 250, 265 (S.D.N.Y. 2015) ("[D]urations of time as brief as a few months have been

held to weigh in favor of dispositive sanctions." (first citing *Embuscado v. DC Comics*, 347 F. App'x 700, 701 (2d Cir. 2009); and then citing *Georgiadis v. First Bos. Corp.*, 167 F.R.D. 24, 25 (S.D.N.Y. 1996))); *Lopez v. Cath. Charities of Archdiocese of N.Y.*, No. 00-CV-1247, 2001 WL 50896, at *3 (S.D.N.Y. Jan. 22, 2001) (dismissing the case after the "plaintiff . . . failed to take *any* steps to prosecute [the] action for at least three months").

Second, as detailed above, Judge Lindsay explicitly notified Plaintiff that his continued absence from the action could "result in a Report and Recommendation to the District Judge that his claim be dismissed for failure to prosecute." (Sept. 2023 Order 3–4); *see also Valentine v. Museum of Mod. Art*, 29 F.3d 47, 50 (2d Cir. 1994) (per curiam) ("The severe sanction of dismissal with prejudice may be imposed even against a plaintiff who is proceeding *pro se*, so long as a warning has been given that noncompliance can result in dismissal."); *Velt Corp. v. United States*, No. 19-CV-5463, 2020 WL 8413513, at *3 (E.D.N.Y. Dec. 7, 2020) (finding the second factor favored dismissal where the "[p]laintiff was cautioned . . . that failure to comply with the [c]ourt's third order to file a status report would result in a report and recommendation to the district judge that the action be dismissed for failure to prosecute . . . and, to date, [the plaintiff] ha[d] failed to take any action or comply with any order of this [c]ourt"), *report and recommendation adopted*, 2020 WL 7639962 (E.D.N.Y. Dec. 23, 2020).

Third, Plaintiff has failed to appear and provide any explanation for the extended delay, and the Court therefore presumes as a matter of law that Defendants will be prejudiced by further delay. *See Heendeniya*, 830 F. App'x at 358 (finding no abuse of discretion where the district court "reasonably found that prejudice to defendants could be presumed because the delay was not reasonable"); *Drake*, 375 F.3d at 257 (noting that the Second Circuit has presumed prejudice where "plaintiff repeatedly failed to file documents that the court ordered, even after being warned that he was risking dismissal" (citing *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37,

6

39–40, 43 (2d Cir. 1982))); *Harris v. Scadiero*, 94 F. App'x 860, 861 (2d Cir. 2004) ("A presumption of prejudice is appropriate where the plaintiff's delay was prolonged[.]"); *Caussade v. United States*, 293 F.R.D. 625, 630 (S.D.N.Y. 2013) (collecting cases showing that "[w]here a plaintiff has become inaccessible for months at a time, courts presume prejudice").

Fourth, because Plaintiff has been entirely unreachable and shown no interest in litigating the case by failing to timely file submissions or respond to Defendants' motions, (*see* Sept. 2023 Order 3–4; Scheduling Order dated Jan. 5, 2024 (setting filing deadlines on Defendants' motion to dismiss)), the Court concludes that the balance between alleviating court congestion and protecting Plaintiff's right to be heard favors dismissal. *See Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 195 (2d Cir. 1999) (affirming dismissal where the plaintiff failed to respond after the district court "gave [the plaintiff] specific notice that his case had been placed on the dismissal calendar, directed him to file an affidavit 'as to why th[e] action should not be dismissed,' and gave him an opportunity to respond both in writing and during a telephone conference" (second alteration in original)); *Velt Corp.*, 2020 WL 8413513, at *3 (recommending dismissal where "[t]he [p]laintiff ha[d] shown no interest in litigating th[e] case as he ha[d] failed to move the case forward"); *Caussade*, 293 F.R.D. at 631 (finding where the plaintiff "ha[d] not been in contact with her counsel for about five months and ha[d] failed to respond to requests to schedule a deposition or to correct her interrogatory responses," and otherwise "made no effort to prosecute th[e] action, it would be unfair to the numerous other litigants who await the attention of this [c]ourt to permit her suit to remain on the docket"). Given that Plaintiff's absence from the case has been unobtrusive, however, and considering his current *pro se* status, the Court concludes that dismissal without prejudice adequately serves "the district court's need to clear its calendar without unduly penalizing a *pro se* litigant for failing to comply with a scheduling order." *Thrall v. Cent. N.Y. Reg'l Transp. Auth.*, 399 F. App'x 663, 666 (2d Cir. 2010); *cf. LeSane v. Hall's*

7

*Sec. Analyst, Inc.*, 239 F.3d 206, 210 (2d Cir. 2001) (concluding that fourth factor did not weigh in favor of dismissal because "plaintiff's failure to prosecute . . . was silent and unobtrusive rather than vexatious and burdensome," noting that "plaintiff simply did not make submissions required by the court; he did not swamp the court with irrelevant or obstructionist filings"); *Barker v. City of New York*, No. 19-CV-2582, 2020 WL 589048, at *1 (S.D.N.Y. Feb. 5, 2020) (finding that "the prejudice to the Court has been minimal" where the plaintiff merely failed to respond to the motion to dismiss as ordered).

Finally, having considered the effectiveness of lesser sanctions, the Court concludes that dismissal without prejudice is appropriate because Plaintiff has not participated in this case since November of 2022, (Decl. of Daniel Schlade ¶ 1), and has failed to appear in the litigation or abide by the Court's deadlines since his attorney withdrew from the case in September of 2023, (*see* Sept. 2023 Order).  *See Copiel v. Pugliese*, No. 19-CV-4231, 2021 WL 2792182, at *3 (E.D.N.Y. Apr. 29, 2021) (finding that the fifth factor favors dismissal because "when a plaintiff fails to respond to a [c]ourt order once threatened with dismissal, it is unlikely that a lesser sanction will result in reengagement in a matter" (first citing *Ruzsa*, 530 F.3d at 177; and then citing *Crenshaw v. McNamara*, No. 15-CV-6229, 2016 WL 2347485, at *6 (W.D.N.Y. May 4, 2016))), *report and recommendation adopted as modified*, 2021 WL 2659985 (E.D.N.Y. June 29, 2021); *Barker*, 2020 WL 589048, at *2 (concluding that "[i]n light of the minimal prejudice to the defendant and to the Court, and because of the plaintiff's *pro se* status," "the lesser sanction of dismissal without prejudice (rather than with prejudice) [was] appropriate" (first alteration in original) (citation omitted)).

## II. Conclusion

For the foregoing reasons, the Court grants Defendants' motion under Rule 41(b) and dismisses the action without prejudice for failure to prosecute.

Dated: April 19, 2024
       Brooklyn, New York

SO ORDERED:

_____s/ MKB_____
MARGO K. BRODIE
United States District Judge